ALEXANDER B. CVITAN (SBN 81746),
Email: alc@rac-law.com
J. DAVID SACKMAN (SBN 106703)
Email: jds@rac-law.com
MARSHA M. HAMASAKI (SBN 102720),
Email: marshah@rac-law.com, Members of
REICH, ADELL & CVITAN, A Professional Law Corporation
3550 Wilshire Boulevard, Suite 2000
Los Angeles, California 90010-2421
Telephone: (213) 386-3860, Facsimile: (213) 386-5583

Attorneys for Plaintiff Construction Laborers Trust Funds for Southern California Administrative Co.

UNITED STATES DISTRICT COURT

FOR THE CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| CONSTRUCTION LABORERS TRUST FUNDS FOR SOUTHERN CALIFORNIA ADMINISTRATIVE COMPANY, a Delaware limited liability company,<br><br>Plaintiff,<br><br>vs.<br><br>MORROW-MEADOWS CORPORATION, a California corporation; AMERICAN CONTRACTORS INDEMNITY COMPANY, a California corporation,<br><br>Defendants. | Case No: 2:16-cv-07454-MWF-AS<br><br>[PROPOSED] PARTIAL SUMMARY JUDGMENT [Fed. R. Civ. P. 56(a)]<br><br>Hearing<br>Date: March 27, 2017<br>Time: 10:00 a.m.<br>Place: Courtroom 5A, 5th Floor<br>350 W. 1st Street<br>Los Angeles, California 90012 |

The Court, having heard Plaintiff's Motions for Partial Summary Judgment Compelling an Audit, and after considering all of the evidence and argument presented by the parties, hereby GRANTS the Motion, as follows:

JUDGMENT is entered against Defendant Morrow-Meadows Corporation, on the Second Claim for Relief in the Complaint ONLY.

Pursuant to Fed. R. Civ. P. 56(d), the Uncontroverted Facts set forth in the separate Statement of Uncontroverted Facts and Conclusions of Law, shall be deemed established for purposes of trial, and shall be binding on further proceedings in this case, through trial.

Plaintiff shall be considered the prevailing party, for purposes of costs and attorney fees under Fed. R. Civ. P. 54(d), regardless of the outcome as to any other Claim in this case. However, the time in which to file a Bill of Costs under Fed. R. Civ. P. 56(d)(1), and/or a motion for attorney fees under Fed. R. Civ. P. 56(d)(2), shall not begin to run until entry of final judgment or dismissal on all claims.

The Court finds no just reason for delay, so that this Judgment shall be final as to the Second Claim as to the parties pursuant to Fed. R. Civ. P. 54(b), except as expressly provided herein.

IT IS THEREFORE ORDERED:

1. That Defendant Morrow-Meadows Corporation. (Employer), its officers, directors, employees, agents, and all persons acting by, through, or in concert with the Employer be compelled to forthwith submit to an audit of Employer's payroll and business records and that Employer produce the following payroll and business records for the time period of September 2013 through January 2016 (Audit Period), to the Plaintiff Construction Laborers Trust Funds For Southern California Administrative Company (Trust Funds) or their designated agent for inspection, examination and copying:

1.1. All payroll and employee documents during the Audit Period including, but not limited to, Employer's payroll journals, employees earning records, certified payrolls, payroll check books and stubs, canceled payroll checks,

payroll time cards, state and federal payroll tax returns, labor distribution journals, any other documents reflecting the number of hours which Employer's employees worked, their names, social security numbers, addresses, job classifications and identification of the projects on which the employees performed their work, for all employees.

1.2. Scope of work provisions in the Employer's contracts or subcontracts with its customers, in which work was performed by employees of the Employer during the Audit Period.

1.3 Invoices to customers, and Schedule of Values (such as AIA Document G703[tm] ) of the Employer for work performed by employees of the Employer during the Audit Period.

1.4. All collective bargaining agreements between Employer and any trade union in effect at any time during the Audit Period.

1.5. All reports or statements submitted to any employee benefit plan, and a copy of the check(s) to such plan(s), for its Employees for work performed during the Audit Period.

2. The above documents shall be produced in un-redacted form. All parties, their agents and employees, shall be subject to all applicable laws and regulations regarding the confidentiality of personal information in those documents. Counsel shall be subject to Fed. R. Civ. P. 5.2 and Local Rule 5.2-1 in the handling of such documents.

3. An ORDER TO SHOW CAUSE is set for hearing on ___________, at ______, in Courtroom 5A of this Court, located at 350 W. 1st Street, Los Angeles, California, regarding compliance with this Order. Counsel shall file a joint report regarding compliance no later than __ days before the hearing.

4. This Order shall be effective immediately. Within five court days of the issuance of this Order and service through the CMF-ECF system, all counsel shall file a Proof of Service of this Order on their respective clients. The Failure to so serve this Order and file this Proof of Service may subject counsel to sanctions from the Court.

IT IS SO ORDERED:

Date: ______________

_______________________________
Hon. Michael W. Fitzgerald
United States District Court Judge

SUBMITTED BY:

Dated: February 24, 2017

ALEXANDER B. CVITAN,
J. DAVID SACKMAN, and
MARSHA M. HAMASAKI, Members of
REICH, ADELL & CVITAN,
A Professional Law Corporation

By: /s/ J. David Sackman
J. DAVID SACKMAN
Attorneys for Plaintiff