ALEXANDER B. CVITAN (SBN 81746),
Email: alc@rac-law.com
J. DAVID SACKMAN (SBN 106703)
Email: jds@rac-law.com
MARSHA M. HAMASAKI (SBN 102720),
Email: marshah@rac-law.com, Members of
REICH, ADELL & CVITAN, A Professional Law Corporation
3550 Wilshire Boulevard, Suite 2000
Los Angeles, California 90010-2421
Telephone: (213) 386-3860, Facsimile: (213) 386-5583

Attorneys for Plaintiff Construction Laborers Trust Funds for Southern California Administrative Co.

UNITED STATES DISTRICT COURT

FOR THE CENTRAL DISTRICT OF CALIFORNIA

CONSTRUCTION LABORERS TRUST FUNDS FOR SOUTHERN CALIFORNIA ADMINISTRATIVE COMPANY, a Delaware limited liability company,

Plaintiff,

vs.

MORROW-MEADOWS CORPORATION, a California corporation; AMERICAN CONTRACTORS INDEMNITY COMPANY, a California corporation,

Defendants.

Case No: 2:16-cv-07454-MWF-AS

**PLAINTIFF'S RESPONSES TO DEFENDANT MORROW-MEADOWS CORPORATION'S REQUESTS FOR ADMISSIONS (SET ONE)**
**[Fed. R. Civ. P. 36]**

PROPOUNDING PARTY: Defendant Morrow-Meadows Corporation

RESPONDING PARTY: Plaintiff Construction Laborers Trust Funds For Southern California Administrative Company

SET NO.: One

Plaintiff, Construction Laborers Trust Funds for Southern California Administrative Company, responds to the Requests for Admissions of Defendant Morrow-Meadows Corporation, pursuant to Rule 36 of the Federal Rules of Civil Procedure, as follows:

## GENERAL OBJECTIONS

The Second, and primary, Claim of Plaintiff's Complaint in this action is to obtain an audit of the records of Defendant Morrow-Meadows Corporation (Employer). The admissions sought here by the Employer are precisely the information which Plaintiff has sought from the Employer, but the Employer has refused to provide. They are facts within the Employer's, not Plaintiff's knowledge – in particular the records of the Employer which the Plaintiff seeks access to through its Second Claim. The Employer itself has thus blocked the "reasonable inquiry" Plaintiff needs to make to answer these Requests for Admissions. The Employer should be barred from asking for any information in its possession, which it refuses to provide. Plaintiff cannot respond to those Requests unless and until it is provided access to those records of the Employer.

Plaintiff also objects to the Requests as a whole, because they fail to follow the requirement of Fed. R. Civ. P. 36(a)(2) that "Each matter must be separately stated."

## SPECIFIC ANSWERS AND OBJECTIONS

<u>REQUEST NO. 1</u>:

During the AUDIT PERIOD, MORROW-MEADOWS employed a single member of the LABORERS UNION whose name is Eric Chew.

<u>RESPONSE TO REQUEST NO. 1</u>:

OBJECTION. Propounding party Morrow-Meadows Corporation (Employer)

is in possession of the records needed to respond to this Request, but has refused and failed to provide Plaintiff with access to those records, which refusal and failure is the subject of Plaintiff's Second Claim for Relief. Unless and until Employer provides access to those records, Plaintiff cannot respond to this Request.

REQUEST NO. 2:

MORROW-MEADOWS has provided the LABORERS TRUST FUNDS all the documents that it has requested for its audit regarding Eric Chew.

RESPONSE TO REQUEST NO. 2:

Subject to the above GENERAL OBJECTIONS, this is Admitted.

REQUEST NO. 3:

LABORERS TRUST FUNDS has no evidence that during the AUDIT PERIOD any member of the ELECTRICIANS UNION employed by MORROW-MEADOWS performed work that either the LABORERS UNION or LABORERS TRUST FUNDS contends should have been assigned to the LABORERS UNION.

RESPONSE TO REQUEST NO. 3:

OBJECTIONS. Plaintiff does not and cannot contend that any employee "should have been assigned to the LABORERS UNION." Plaintiff has no knowledge of what the "LABORERS UNION" contends, and cannot obtain any such knowledge, since Propounding Party Morrow-Meadows Corporation (Employer) has refused and failed to identify or provide records as to any such employees, other than Eric Chew.

Further, the Employer is in possession of the records needed to respond to this Request, but has refused and failed to provide Plaintiff with access to those records, which refusal and failure is the subject of Plaintiff's Second Claim for Relief. Unless and until Employer provides access to those records, Plaintiff cannot respond to this

Request.

REQUEST NO. 4:

LABORERS TRUST FUNDS has no evidence of the LABORERS UNION making a claim under either the MLA or the PLAN that work assigned by MORROW-MEADOWS to the ELECTRICIANS UNION during the AUDIT PERIOD should have been assigned to the LABORERS UNION.

RESPONSE TO REQUEST NO. 4:

OBJECTIONS: "Assignment" of work is not relevant to the issues of this action, which is whether contributions are owed for work performed, regardless of who they were "assigned" to.

Further, the Employer is in possession of the records needed to determine the relevant question of what work was actually performed (not "assigned"), but has refused and failed to provide Plaintiff with access to those records, which refusal and failure is the subject of Plaintiff's Second Claim for Relief.

REQUEST NO. 5:

All audits of MORROW-MEADOWS by LABORERS TRUST FUNDS that took place prior to the audit at issue in this lawsuit, were deemed by LABORERS TRUST FUNDS to be complete and not partial upon LABORERS TRUST FUNDS reviewing the records it demanded for the single member of the LABORERS UNION (Eric Chew) employed by MORROW-MEADOWS and LABORERS TRUST FUNDS reviewing the records it demanded for the subcontractors of MORROW-MEADOWS (as subcontractors are described in the complaint and in particular paragraphs 11, 12, 13).

RESPONSE TO REQUEST NO. 5:

OBJECTION: The Request is vague, ambiguous and compound. Without waiving this Objection, and interpreting the Request to ask: A) Whether any prior audit of Morrow-Meadows Corporation (Employer) was considered "partial" rather than "final"; and B) Whether any prior audit demanded or reviewed records of any employee other than Eric Chew; Plaintiff responds as follows:

A: Admitted.

B: Admitted.

REQUEST NO. 6:

MORROW-MEADOWS has provided the LABORERS TRUST FUNDS all the documents that it has requested for its audit regarding the subcontractors (as subcontractors are described in the Complaint).

RESPONSE TO REQUEST NO. 6:

Subject to the above GENERAL OBJECTIONS, and understanding this Request to refer to subcontractors only, this is Admitted.

Respectfully Submitted,

DATED: February 26, 2017

ALEXANDER B. CVITAN,
J. DAVID SACKMAN, and
MARSHA M. HAMASAKI, Members of
REICH, ADELL & CVITAN
A Professional Law Corporation

By: ______________________
J. DAVID SACKMAN,
Attorneys for Plaintiffs

VERIFICATION

I, the undersigned, declare:

I am Richard Quevedo, Executive Director for Construction Laborers Trust Funds for Southern California Administrative Company, LLC, plaintiff in this action. The matters stated in the Plaintiff's Response to Defendant Morrow-Meadows Corporation's Requests for Admissions (Set One) are true of my own personal knowledge.

I declare under penalty of perjury under the laws of the United States of America that the foregoing is true and correct.

Executed at El Monte, California, this 16 day of February, 2017.

RICHARD QUEVEDO, on behalf of Plaintiff, Construction Laborers Trust Funds for Southern California Administrative Company, LLC