218 Fed.Appx. 631
This case was not selected for publication in the Federal Reporter.
Not for Publication in West's Federal Reporter
See Fed. Rule of Appellate Procedure 32.1 generally governing citation of judicial decisions issued on or after Jan. 1, 2007. See also Ninth Circuit Rule 36-3. (Find CTA9 Rule 36-3)
United States Court of Appeals,
Ninth Circuit.

CONSTRUCTION LABORERS TRUST FUNDS FOR SOUTHERN CALIFORNIA ADMINISTRATIVE COMPANY, Plaintiff-Appellant,
v.
MARTINEZ LANDSCAPE COMPANY, INC., Defendant-Appellee.

No. 04-56749.
|
Argued and Submitted Dec. 8, 2006.
|
Filed Jan. 17, 2007.

**Synopsis**
**Background:** Labor trust fund brought suit against employer to recover unpaid trust fund contributions. The United States District Court for the Central District of California, Edward Rafeedie, J., entered summary judgment for employer, and trust fund appealed.

**Holdings:** The Court of Appeals held that:

[1] failure to consider trust fund's request for continuance to conduct discovery was error, and

[2] error was prejudicial.

Reversed and remanded.

West Headnotes (2)

**[1]** **Federal Civil Procedure**
Time for Consideration of Motion

District court erred when it entered summary judgment without ruling on plaintiff's request for continuance to conduct discovery in case in which discovery had previously been stayed. Fed.Rules Civ.Proc.Rule 56(f), 28 U.S.C.A.

Cases that cite this headnote

**[2]** **Federal Civil Procedure**
Time for Consideration of Motion

Error in entering summary judgment without ruling on plaintiff labor trust fund's motion for continuance to conduct discovery was prejudicial in case to recover unpaid contributions, where discovery was only way that trust fund could refute employer's representations that it assigned work to another labor council during applicable period and therefore that submitted schedule was not appropriate one to define its contractual obligation to make fund contributions. Fed.Rules Civ.Proc.Rule 56(f), 28 U.S.C.A.

Cases that cite this headnote

**Attorneys and Law Firms**

***632** J. David Sackman, Esq., Reich, Adell, Crost & Cvitan, A Professional Law Corporation, Los Angeles, CA, for Plaintiff-Appellant.

Nate J. Kowalski, Esq., Atkinson, Andelson, Loya, Ruud & Romo, Cerritos, CA, for Defendant-Appellee.

Appeal from the United States District Court for the Central District of California, Edward Rafeedie, District Judge, Presiding. D.C. No. CV-03-07183-ER(Ex).

Before: BRUNETTI, KOZINSKI, and RYMER, Circuit Judges.

MEMORANDUM *

* This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by 9th Cir. R. 36-3.

****1 [1]** Construction Laborers Trust Funds (CLTF) appeals the summary judgment entered in favor of Martinez Landscaping Co. We reverse because the district court overlooked CLTF's request pursuant to Federal Rule of Civil Procedure 56(f) for a continuance to conduct discovery. *Cf. United States v. Larry Flynt,* 756 F.2d 1352, 1362 (9th Cir.1985). Discovery had previously been stayed pending resolution of a dispute about subject matter jurisdiction. The court determined that it had jurisdiction, but then treated the parties' submissions on Martinez's motion to dismiss as a motion for summary judgment without ruling on the Rule 56(f) request. As a result, CLTF was denied any discovery at all, without consideration of whether the discovery sought was appropriate or could have raised a triable issue of fact.

**[2]** We cannot say that this does not matter. The order granting summary judgment turned on CLTF's failure to controvert evidence submitted by Martinez showing that Laborers' Schedule A is not the "appropriate" one to define Martinez's contractual obligation to make trust fund contributions. This was based on Martinez's representation that it assigned work to the Southern California Pipe Trades District Council, and on evidence that Martinez made benefits payments to the Pipe Fitters' trust fund pursuant to the Pipe Fitters' collective bargaining agreement. The difficulty is that Martinez performed work covered by the Los Angeles Unified School District Project Stabilization Agreement as of January 2000, but did not become a signatory to the Pipe Fitters' collective bargaining agreement until October 9, 2002. CLTF acknowledges that it does not claim contributions after October 9, 2002. But CLTF argues that the only way it could adduce evidence to refute Martinez's representation that work was assigned to the Pipe Fitters for the period between January 2000 and October 9, 2002 is by discovery. The reason, ***633** it submits, is that CLTF does not otherwise know to whom Martinez may have assigned work, which in turn, is the only way CLTF can show that the Laborers' Master Labor Agreement (MLA) was the "appropriate" Schedule A Agreement. This is because the Laborers' MLA is the relevant agreement under the PSA only if Martinez's employees were assigned work falling under Laborers' classifications. Thus, CLTF has shown prejudice. We express no opinion one way or the other on the proper scope of discovery, or the significance of what discovery might reveal, but summary judgment should not have been granted without addressing the Rule 56(f) request.

REVERSED.

## All Citations

218 Fed.Appx. 631, 2007 WL 148771, 153 Lab.Cas. P 10,789

**End of Document** © 2017 Thomson Reuters. No claim to original U.S. Government Works.